IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:18-CV-464-WKW |
| | ) [WO] |
| DALE COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Antonio Brewer, an inmate incarcerated at the Dale County Jail, brings this 42 U.S.C. § 1983 action against Wally Olson, the Sheriff of Dale County, Alabama, and the Dale County Jail. Brewer seeks to challenge his conditions of confinement at the jail. Upon review, the court concludes the claims presented by Brewer against the Dale County Jail are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### II. DISMISSAL OF DEFENDANT

Brewer names the Dale County Jail as a defendant. But a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It therefore follows that a building or structure utilized by a sheriff's department is not a legal entity subject to

---

[1] The court granted Brewer leave to proceed *in forma pauperis* in this case. Doc. 3. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

suit. In light of the foregoing, it is clear that the Dale County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Dale County Jail be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Dale County Jail be DISMISSED as a defendant.

3. This case with respect to Plaintiff's claims against Defendant Olson be referred to the undersigned for further proceedings.

It is further ORDERED that on or before **May 23, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 9th day of May, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE