IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-464-WKW |
| | ) | [WO] |
| WALLY OLSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*   *   *   *   *   *   *

| | | |
|---|---|---|
| ANTONIO BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:18-CV-484-WKW |
| | ) | [WO] |
| WALLY OLSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on May 4, 2018.[1] On May 8, 2018, the court entered an order of procedure directing Defendants to file an answer and special report.[2] Doc. 4. The order also directed Plaintiff that he "shall immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 4 at 3. The order further advised Plaintiff that the "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 4 at 3.

---

[1] By order of May 17, 2018, the court consolidated the captioned actions. Doc. 8.
[2] Plaintiff named the Dale County Jail and Wall Olson as defendants. In accordance with the prior proceedings and orders entered, the court dismissed this action against Defendant Dale County Jail. *See* Docs. 5 & 9.

On June 15, 2018, Plaintiff's copy of an order entered on June 7, 2018 was returned to the court marked as undeliverable because Plaintiff is no longer housed at the Dale County Jail. Accordingly, the court entered an order on June 15, 2018, requiring that by June 29, 2018 Plaintiff file with the court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 10.  This order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 10.  Plaintiff's copy of the June 15, 2018 order was returned to the court on June 22, 2018, marked as undeliverable.

The foregoing makes clear that Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence.  The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further ORDERED that **on or before September 13, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual

findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff party object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 30th day of August, 2018.

  /s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE